IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| DR. JOSEPH S. MOSES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO.: 2:10-CV-00258-RWS |
| | ) | |
| CITY OF ARCADE, GEORGIA, | ) | |
| OFFICER BLAKE YEARGIN, | ) | |
| individually, RANDY WILLIAMS, | ) | |
| individually and in his official capacity | ) | |
| as the Police Chief of the City of Arcade | ) | |
| Police Department, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS CITY OF ARCADE, GEORGIA, OFFICER BLAKE YEARGIN, AND RANDY WILLIAMS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW the City of Arcade, Georgia, Officer Blake Yeargin, and Randy Williams, defendants herein, and file this their Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim against defendants upon which relief can be granted.

## SECOND DEFENSE

Defendants deny the allegations contained in the unnumbered paragraph which precedes paragraph 1 of plaintiff's complaint and specifically deny that plaintiff has stated a claim against any of them.

## THIRD DEFENSE

Responding to the numbered paragraphs of plaintiff's complaint, defendants answer as follows:

## ANSWER TO JURISDICTION AND VENUE

1.

The allegations contained in paragraph 1 of plaintiff's complaint constitute a legal conclusion to which no response is required. To the extent that a response is required, defendants admit that this Court has subject matter jurisdiction over claims brought pursuant to 42 U.S.C. § 1983 and has the discretion to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, and further admit that venue is proper. Defendants also admit that with regard to plaintiff, defendants Yeargin and Williams acted pursuant to and under color of state law and within the scope of their discretionary authority. Defendants deny in the form and manner alleged all other allegations contained in paragraph 1 of plaintiff's complaint.

**ANSWER TO PARTIES**

2.

Defendants can neither admit nor deny the allegations contained in paragraph 2 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

3.

Responding to the allegations contained in paragraph 3 of plaintiff's complaint, defendants admit that the City of Arcade is a municipal corporation within the state of Georgia and that it operates a police department. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 3 of plaintiff's complaint.

4.

Responding to the allegations contained in paragraph 4 of plaintiff's complaint, defendants admit that Yeargin was employed by the City of Arcade as a police officer at the time of the incident alleged in plaintiff's complaint and that, with regard to plaintiff, Yeargin was acting under color of state law and within the scope of his discretionary authority. Defendants deny in the form and manner alleged all other allegations contained in paragraph 4 of plaintiff's complaint.

5.

Responding to the allegations contained in paragraph 5 of plaintiff's complaint, defendants admit that Williams is employed by the City of Arcade as its Chief of Police and that, with regard to plaintiff, Williams was acting under color of state law and within the scope of his discretionary authority. Defendants deny in the form and manner alleged all other allegations contained in paragraph 5 of plaintiff's complaint.

## ANSWER TO FACTUAL ALLEGATIONS

## ANSWER TO "THE ILLEGAL STOP OF DR. MOSES"

6.

Responding to the allegations contained in paragraph 6 of plaintiff's complaint, defendants deny that plaintiff was operating his vehicle in a lawful manner on December 10, 2008 when he passed defendant Yeargin's position on Highway 129 in the City of Arcade. Defendants can neither admit nor deny the remaining allegations contained in paragraph 6 of plaintiff's complaint which pertain to plaintiff's activities earlier that evening or his planned destination that night for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

7.

Defendants deny the allegations contained in paragraph 7 of plaintiff's complaint.

8.

Responding to the allegations contained in paragraph 8 of plaintiff's complaint, defendants admit that plaintiff was accompanied in his vehicle by an adult female passenger who, upon information and belief, is plaintiff's wife.

9.

Responding to the allegations contained in paragraph 9 of plaintiff's complaint, defendants show that at approximately 9:43 p.m. on December 10, 2008, defendant Yeargin was seated in a marked police cruiser which was situated in the median of Highway 129 with its lights off. Defendants further show that when Yeargin observed plaintiff's vehicle cross the center line, Yeargin began to follow plaintiff. Defendants specifically deny that Yeargin followed plaintiff's vehicle too closely or at an unsafe distance. Defendants can neither admit nor deny the allegations contained in paragraph 9 of plaintiff's complaint which pertain to plaintiff's observations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same. Defendants deny in

the form and manner alleged all other allegations contained in paragraph 9 of plaintiff's complaint.

10.

Defendants deny the allegations contained in paragraph 10 of plaintiff's complaint.

11.

Responding to the allegations contained in paragraph 11 of plaintiff's complaint, defendants admit only that plaintiff slowed his vehicle while Yeargin was following him, and that plaintiff ultimately pulled his vehicle to the side of the road. Defendants specifically deny that Yeargin followed plaintiff's vehicle too closely. Defendants can neither admit nor deny the allegations contained in paragraph 11 of plaintiff's complaint which pertain to plaintiff's stated reasons for slowing his vehicle and moving it to the side of the road for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same. Defendants deny in the form and manner alleged all other allegations contained in paragraph 11 of plaintiff's complaint.

12.

Responding to the allegations contained in paragraph 12 of plaintiff's complaint, defendants admit that Yeargin stopped behind plaintiff's vehicle,

activated his blue emergency lights, approached plaintiff's vehicle, and asked plaintiff to produce his identification.  In further response, defendants show that Yeargin explained to plaintiff that his was observed crossing the center line, that he was traveling too slowly, and that his tag lights were inadequate.  Defendants deny the remaining allegations contained in paragraph 12 of plaintiff's complaint and specifically deny that plaintiff was driving in full compliance with Georgia laws.

13.

Defendants admit the allegations contained in paragraph 13 of plaintiff's complaint.

14.

Responding to the allegations contained in paragraph 14 of plaintiff's complaint, defendants admit only that plaintiff was cited for failing to have properly functioning tag lights and that plaintiff verbally protested the citation. Defendants deny the remaining allegations contained in paragraph 14 of plaintiff's complaint.

15.

Defendants deny the allegations contained in paragraph 15 of plaintiff's complaint.

16.

Responding to the allegations contained in paragraph 16 of plaintiff's complaint, defendants admit only that plaintiff was cited for failing to have properly functioning tag lights and for crossing the center line. Defendants deny the remaining allegations contained in paragraph 16 of plaintiff's complaint.

17.

Defendants admit the allegations contained in paragraph 17 of plaintiff's complaint.

18.

Responding to the allegations contained in paragraph 18 of plaintiff's complaint, defendants admit that Yeargin told plaintiff that plaintiff was observed traveling at a rate of 32 miles per hour on a roadway which was designated in a zone for travel at a rate of 55 miles per hour. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 18 of plaintiff's complaint.

19.

Defendants deny the allegations contained in paragraph 19 of plaintiff's complaint.

20.

Responding to the allegations contained in paragraph 20 of plaintiff's complaint, defendants deny that plaintiff's tag lights were functioning properly. Defendants can neither admit nor deny the remaining allegations contained in paragraph 20 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

## ANSWER TO "OFFICER YEARGIN'S HISTORY OF ILLEGAL STOPS"

21.

Defendants deny the allegations contained in paragraph 21 of plaintiff's complaint.

22.

Defendants deny the allegations contained in paragraph 22 of plaintiff's complaint.

23.

Responding to the allegations contained in paragraph 23 of plaintiff's complaint, defendants admit only that a citizen filed a complaint against Yeargin in November, 2008 and that the complaint speaks for itself. In further response, defendants show that the City of Arcade Police Department investigated the

citizen's complaint and found it to be unsubstantiated. Defendants deny the remaining allegations contained in paragraph 23 of plaintiff's complaint.

24.

Responding to the allegations contained in paragraph 24 of plaintiff's complaint, defendants admit only that a citizen filed a complaint against Yeargin in November, 2008 and that the complaint speaks for itself. In further response, defendants show that the City of Arcade Police Department investigated the citizen's complaint and found it to be unsubstantiated. Defendants deny the remaining allegations contained in paragraph 24 of plaintiff's complaint.

25.

Defendants deny in the form and manner alleged the allegations contained in paragraph 25 of plaintiff's complaint.

26.

Responding to the allegations contained in paragraph 26 of plaintiff's complaint, defendants admit that a female driver made a complaint against Yeargin in January, 2009 in which she accused him of unprofessionalism during a traffic stop. In further response, defendants show that the City of Arcade Police Department investigated the citizen's complaint and found that the traffic stop was

justified.  Defendants deny in the form and manner alleged all other allegations contained in paragraph 26 of plaintiff's complaint.

27.

Responding to the allegations contained in paragraph 27 of plaintiff's complaint, defendants admit only that Yeargin had conducted traffic stops on the same driver on previous occasions.  In further response, defendants show that each traffic stop was justified by violations committed by the driver, as well as by the fact that the driver had admittedly failed to obtain a Georgia driver's license in a timely manner after having moved to the state.  Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 27 of plaintiff's complaint.

28.

Responding to the allegations contained in paragraph 28 of plaintiff's complaint, defendants admit only that the City of Arcade Police Department investigated the citizen's complaint from the January, 2009 traffic stop and prepared a report which speaks for itself.  Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 28 of plaintiff's complaint.

29.

Responding to the allegations contained in paragraph 29 of plaintiff's complaint, defendants admit only that the City of Arcade Police Department investigated the citizen's complaint from the January, 2009 traffic stop and prepared a report which speaks for itself. Defendants deny in the form and manner alleged the remaining allegations contained in paragraph 29 of plaintiff's complaint.

## ANSWER TO "CITY OF ARCADE'S SPEED TRAP POLICY"

30.

Defendants deny the allegations contained in paragraph 30 of plaintiff's complaint.

31.

The allegations contained in paragraph 31 of plaintiff's complaint constitute a vague and ambiguous conclusion to which no response can reasonably be framed. To the extent that a response is required, defendants deny the allegations contained in paragraph 31 of plaintiff's complaint.

32.

Responding to the allegations contained in paragraph 32 of plaintiff's complaint, defendants admit only that an investigation into the City's use of speed

detection equipment was initiated pursuant to a citizen's complaint. Further responding, defendants show that the complaint against the City was found to be unsubstantiated. Defendants deny the remaining allegations contained in paragraph 32 of plaintiff's complaint.

33.

Responding to the allegations contained in paragraph 33 of plaintiff's complaint, defendants admit only that with regard to plaintiff, Williams and Yeargin were acting under color of state law and within the scope of their discretionary authority. Defendants specifically deny that the brief detention of plaintiff constituted an arrest and further deny the remaining allegations contained in paragraph 33 of plaintiff's complaint.

**ANSWER TO CLAIMS FOR RELIEF**

34.

Responding to the allegations contained in paragraph 34 of plaintiff's complaint, defendants hereby incorporate by reference as if fully set forth verbatim herein their answers and responses previously made to paragraphs 1 through 33 of plaintiff's complaint.

35.

Defendants deny the allegations contained in paragraph 35 of plaintiff's complaint.

36.

Defendants deny the allegations contained in paragraph 36 of plaintiff's complaint.

37.

Defendants deny the allegations contained in paragraph 37 of plaintiff's complaint.

38.

Defendants deny the allegations contained in paragraph 38 of plaintiff's complaint.

39.

Defendants deny the allegations contained in paragraph 39 of plaintiff's complaint.

## ANSWER TO PRAYER FOR RELIEF

40.

Responding to the allegations contained in the unnumbered paragraph following paragraph 39 of plaintiff's complaint beginning WHEREFORE, and

constituting plaintiff's prayer for relief, defendants deny all such allegations, including subparagraphs (A) through (E) thereof, and specifically deny that plaintiff is entitled to any of the relief requested from them in form, type, or amount, under any theory at law or in equity.

41.

Except as expressly admitted, denied, or otherwise responded to, defendants deny all allegations contained in plaintiff's complaint.

## FOURTH DEFENSE

Defendants show that plaintiff was not deprived of any constitutionally protected life, liberty, or property interest without due process of law, nor did defendants violate the rights of plaintiff under any provisions of or amendments to the United States Constitution, any other United States laws, any provisions of or amendments to the Georgia Constitution, or any other Georgia laws.

## FIFTH DEFENSE

As to plaintiff's federal claims against defendants Yeargin and Williams, sued in their individual capacities, these defendants show that under all of the facts and circumstances, the conduct of each individual defendant was discretionary in nature, was not in violation of any clearly established constitutional right of which

a reasonable officer would have had fair notice, and was likewise objectively reasonable, thereby entitling each individual defendant to qualified immunity.

## SIXTH DEFENSE

Plaintiff's injuries and damages, if any, were not proximately caused by any official policy, practice, custom, or directive of the City, or one whose acts or edicts may fairly be said to represent official policy; accordingly, the City and Williams in his official capacity are without liability for any of plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

## SEVENTH DEFENSE

The City and Williams in his official capacity cannot be liable under 42 U.S.C. § 1983 on the basis of respondeat superior.

## EIGHTH DEFENSE

To the extent plaintiff has attempted to assert state-law claims against defendants Yeargin and Williams in their individual capacities, these defendants show that all of their alleged actions or inactions with respect to plaintiff were carried out in the good faith performance of their official, discretionary duties and without actual malice or actual intent to cause injury to plaintiff. Accordingly, Yeargin and Williams, sued in their individual capacities, are entitled to official immunity under Georgia law.

## NINTH DEFENSE

To the extent plaintiff has attempted to assert state-law claims against the City or Williams in his official capacity, these defendants assert the defense of sovereign immunity to the fullest extent allowed by law.

## TENTH DEFENSE

To the extent plaintiff has attempted to assert state-law claims against the City or Williams in his official capacity, such claims are barred by plaintiff's failure to give timely and adequate notice of his claims. O.C.G.A. § 36-33-5.

## ELEVENTH DEFENSE

Plaintiff's injuries and damages, if any, resulted solely from the voluntary and intentional conduct of plaintiff or others and not from any conduct of defendants or those over whom defendants had any control.

## TWELFTH DEFENSE

Defendants did not breach any duty they may have owed to plaintiff based upon the allegations contained in plaintiff's complaint.

## THIRTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendants show that plaintiff's injuries and damages, if any, were directly and proximately caused by plaintiff's own contributory and comparative negligence and failure to exercise ordinary care.

## FOURTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's injuries and damages, if any, were caused by the deliberate, criminal conduct of plaintiff, and such criminal conduct supersedes any and all negligence or liability, if any, on the part of defendants.

## FIFTEENTH DEFENSE

No act or omission of defendants either proximately caused or contributed to any injuries or damages allegedly suffered by plaintiff; therefore, plaintiff has no right of recovery against defendants.

## SIXTEENTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendants also assert the affirmatives defenses of assumption of the risk, contributory/comparative negligence, failure of plaintiff to exercise ordinary care for his own safety, failure to avoid consequences, failure to mitigate damages,

accord and satisfaction, arbitration and award, discharge in bankruptcy, estoppel, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of limitations, sudden emergency, and waiver.

## SEVENTEENTH DEFENSE

The City of Arcade and Williams in his official capacity are immune from punitive damages under federal and state law. Newport v. Fact Concerts, 453 U.S. 247, 271 (1981); City of Columbus v. Myszka, 246 Ga. 571, 573, 272 S.E.2d 302 (1980).

## EIGHTEENTH DEFENSE

Defendants reserve the right to plead and prove such other defenses as may become known to them during the course of their investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered plaintiff's complaint, defendants pray as follows:

(a)    That judgment be entered in favor of defendants and against plaintiff on the complaint;

(b)    That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

                                    FREEMAN MATHIS & GARY, LLP


                                    */s/ Theodore Freeman*_____
                                    Theodore Freeman
                                    Georgia Bar No. 276350
                                    tfreeman@fmglaw.com
                                    Brian R. Dempsey
                                    Georgia Bar No. 217596
                                    bdempsey@fmglaw.com

                                    Attorneys for Defendants

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
Tel: (770) 818-0000
Fax: (770) 937-9960

L:\DOCS\365\44180\00011775.DOC

**DEFENDANTS DEMAND TRIAL BY
JURY ON ALL ISSUES SO TRIABLE.**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANTS CITY OF ARCADE, GEORGIA, OFFICER BLAKE YEARGIN, AND RANDY WILLIAMS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non-CM/ECF participants. Counsel of record are:

Gerald Weber, Esq.
Law Offices of Gerry Weber, LLC
P.O. Box 5391
Atlanta, GA  31107

Craig Goodmark, Esq.
Goodmark Law Firm
P.O. Box 5259
Atlanta, GA  31107

This 21st day of March, 2011.

/s/ Theodore Freeman
Theodore Freeman
Georgia Bar No. 276350
tfreeman@fmglaw.com